JS-6

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FARIBA KERMANSHAHI,<br><br>Petitioner,<br><br>v.<br><br>MICHAEL JAME ADDINEH,<br><br>Respondent. | **Case No. CV 20-01466 FMO (RAOx)**<br><br>**ORDER REMANDING ACTION AND DENYING REQUEST TO PROCEED IN FORMA PAUPERIS** |

## I.

## FACTUAL BACKGROUND

Petitioner Fariba Kermanshahi ("Petitioner") filed a Petition for Dissolution of Marriage in Los Angeles County Superior Court on August 16, 2017. Notice of Removal ("Removal") and Attached Petition ("Pet."), Dkt. No. 1. Petitioner requests dissolution of her marriage with Respondent Michael Jame Addineh ("Respondent"). Pet. at 1. Respondent filed a Notice of Removal on February 13, 2020 invoking this Court's diversity jurisdiction. Removal at 1-9; *see* Dkt. No. 1-1 at 1. Respondent also filed a request to proceed *in forma pauperis*. Dkt. No. 3.

///

////

## II.

## DISCUSSION

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and statute. *See, e.g., Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994). It is this Court's duty always to examine its own subject matter jurisdiction, *see Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514, 126 S. Ct. 1235, 163 L. Ed. 2d 1097 (2006), and the Court may remand a case summarily if there is an obvious jurisdictional issue. *Cf. Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction." (citations omitted)). A defendant attempting to remove an action from state to federal court bears the burden of proving that jurisdiction exists. *See Scott v. Breeland*, 792 F.2d 925, 927 (9th Cir. 1986). Further, a "strong presumption" against removal jurisdiction exists. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Respondent asserts that this Court has subject matter jurisdiction pursuant to Articles I and III of the U.S. Constitution. Removal at 5. Specifically, Respondent asserts jurisdiction under Article III, section 2. *Id.* Article I of the U.S. Constitution establishes and sets forth the powers of Congress. Article III, section 2 provides, in relevant part, that the judicial power extends to certain cases, including *inter alia*, all cases arising under the treaties, laws, and Constitution of the United States, and cases between citizens of different states.

Additionally, Respondent asserts that venue is proper in the Central District of California due to several constitutional violations including a violation of Article 1, section 4, violations of the First and Fifth Amendment, and a procedural due process violation. Removal at 2-3. Respondent asserts that this Court "has jurisdiction over the Demand for an investigation of outrageous and unethical deceptive practice under

the color of law and depriving Plaintiff of rights as agents and officers cannot violate rules and place conflicts and dispute when there is no facts to support a claim." *Id.* at 3.

Generally, subject matter jurisdiction is established by either 28 U.S.C. §§ 1331 or 1332. *See Blondeel-Timmerman v. Sunset Bronson Servs., LLC*, No. CV 18-9504 PSG (JEMx), 2018 WL 7395156, at *1 (C.D. Cal. Dec. 13, 2018). Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." *See id.* § 1331. Section 1332 provides that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000," and is between "citizens of different States." *Id.* § 1332. A defendant may remove to federal court a state court civil action when the federal court has original jurisdiction. *See id.* § 1441(a).

The Court's review of the Notice of Removal and attached state court documents makes it clear that this Court does not have jurisdiction over the instant matter. First, there does not appear to be subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1331. As discussed above, section 1331 provides that "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Respondent appears to allege that federal question jurisdiction exists as a result of several constitutional violations related to the state court proceeding. Specifically, Respondent contends that the Petition would infringe upon his Fourth and Fifth Amendment rights because the "subject matter being demanded" are private papers, "*i.e.* ecclesiastical private indenture." Removal at 5. He also states that "Respondent has objected and has been slander[ed] by this act of this court." *Id.* Additionally, Respondent alleges that the matter is private not public, and that continuation of the

case would be a direct violation of his rights. *Id.*[1] Respondent's arguments disregard the long-established well-pleaded complaint rule. The well-pleaded complaint rule "provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393, 107 S. Ct. 2425, 2430, 96 L. Ed. 318 (1987). The Court's review of the Petition shows that there is no federal question apparent from the face of the Petition, which appears to be solely a petition for dissolution of marriage. Because Plaintiff's Petition does not present a federal question, either on its face or as artfully pled, the Court lacks jurisdiction under 28 U.S.C. § 1441.

Second, Respondent has not adequately met his burden in proving diversity jurisdiction should apply. Section 1332(a) provides, in relevant part, that federal "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a). Respondent appears to assert that diversity of citizenship exists because Petitioner and Respondent are dual citizens of the United States and Iran. *See* Removal at 6-7. However, the civil cover sheet notes that Respondent is a citizen of this state, but the cover sheet and Notice of Removal fail to identify the *state* citizenship of Plaintiff.[2] *See* Removal at 1-8; Dkt. No. 1-1 at 1; *see also Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 858 (9th Cir. 2001) ("[F]ailure to specify [party's] state citizenship was fatal to . . . assertion of diversity jurisdiction.")

Similarly, Respondent has not asserted that the amount in controversy exceeds the sum or value of $75,000. *See* Removal at 1-8. The Petition places at issue debts and assets, including "700 full Bahar Azadi gold coins" and money from a bank

---

[1] Respondent states that because the matter is private and not public, this Court is without jurisdiction. Removal at 5. While Respondent references "this court," it appears that he is attempting to challenge the state court's jurisdiction. *See id.*

[2] On the civil cover sheet, Respondent identifies himself as Plaintiff. *See* Dkt. No. 1-1 at 1.

4

account. Pet. at 1, 3. However, the Petition does not provide an amount in controversy, placing the burden on Respondent to "actually prov[e]" that the amount in controversy is satisfied. *See Gaus*, 980 F.2d at 566-67. Respondent has offered no facts showing that the amount in controversy exceeds $75,000. *See* Removal at 1-8.

Moreover, even if Respondent had made an adequate showing that the amount in controversy exceeds $75,000, the Court would still lack jurisdiction pursuant to the domestic relations exception to diversity jurisdiction. The domestic relations exception "divests the federal courts of power to issue divorce, alimony, and child custody decrees." *Ankenbrandt v. Richards*, 504 U.S. 689, 693-95, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992). The underlying case here is a petition for dissolution of marriage, which appears to fall squarely within the domestic relations exception for suits requesting issuance of divorce decrees. *Harper v. Farkas*, No. CV 18-10436 DDP AGR, 2019 WL 95132, at *6 (C.D. Cal. Jan. 3, 2019) ("Diversity suits for divorce , alimony or child custody decrees fall outside federal jurisdiction.").

Finally, the Court finds that removal is untimely. Under 28 U.S.C. § 1446(b)(1), "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." Here, Respondent does not allege that removal is timely. *See* Removal at 1-8. The Petition was filed more than three years ago on August 16, 2017. *See* Pet. at 1. The Court takes judicial notice of Petitioner's filing of a proof of service on August 30, 2017 and Respondent's Response filed on September 18, 2017.[3] *See Rosales-Martinez v. Palmer*, 753 F.3d 890, 894 (9th Cir. 2014) ("It is well established that [courts] may take judicial notice of judicial proceedings in other

---

[3] Case Information for Case No. 17STFL03457, Superior Court of County of Los Angeles, http://www.lacourt.org/casesummary/ui/index.aspx?casetype=civil, then search 17STFL03457.

courts."). Accordingly, Respondent's Notice of Removal is untimely. *See Deutsche Bank Nat. Tr. Co. v. Hixon*, No. CV 10-06491 DMG, 2010 WL 3911554, at *1 (C.D. Cal. Oct. 5, 2010) (finding defendant's filing of a demurrer to the complaint meant that defendant had received a copy of the complaint). Thus, the Court lacks jurisdiction.

For the reasons set forth above, Respondent has not met his burden of proving that removal is proper.

## III.
## CONCLUSION

Accordingly, IT IS ORDERED that this case is REMANDED to the Superior Court of California, County of Los Angeles, forthwith.

IT IS FURTHER ORDERED that Respondent's request to proceed *in forma pauperis* is DENIED as moot.

IT IS SO ORDERED.


DATED: February 24, 2020

_____/s/_____
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

Presented by:

_____
ROZELLA A. OLIVER
UNITED STATES MAGISTRATE JUDGE